*369 JUSTICE RICE
specially concurring.
¶18 I concur with the Court’s opinion.
¶19 The District Court concluded that although the Protestors’ generalized anti-gaming arguments “certainly are something to consider, they do not rise to the level of proof that’s required under [§ 16-4-405(3)(a), MCA].” I agree with the District Court’s statement.
¶20 In choosing to legalize and regulate gaming, the Legislature was aware of the potential adverse consequences of the activity, and enacted legislation requiring Department review and approval prior to the opening of gaming establishments. Evidence of generalized gaming concerns is relevant in these proceedings and, depending on the proposed site of a gaming establishment, could be sufficient to prove a serious adverse impact upon “the welfare of the people residing ... in the vicinity.” Section 16-4-405(3)(a), MCA. An example may be an attempt to locate an establishment directly adjacent to a school, hospital or church, the impacts upon which may be fairly self-evident. However, in the more typical case, as here, such generalized proof will be insufficient without evidence of adverse impacts specific to the vicinity of the proposed location. Here, such evidence was insufficient, the evidence in support of the application was substantial, and the Department’s determination was appropriately entered.
¶21 Lastly, a significant portion of the Protestors’ briefing is dedicated to discussing the anti-gaming remarks made during the 1972 Constitutional Convention for the purpose of demonstrating that generalized gaming concerns are sufficient, in and of themselves, to prevail herein. However, despite the individual remarks made at the Convention, the delegates ultimately granted the Legislature, in Article III, Section 9, clear authority to legalize forms of gambling. The Legislature has done so by way of the statutory provisions at issue herein, and the Court has correctly applied them.